## HARRIS, FOR THE USE OF BARNES vs. HANNA.

DEBT ON A SEALED NOTE, ASSIGNED BY HARRIS TO BARNES BEFORE IT BECAME DUE.

HARRISON.
May, 1816.

Harris, for the use of Barnes,
v.
Hanna.

Every thing which is in law a *demand*, may be set-off under our statute. The endorsee of a note becomes vested with the property thereof, the instant the endorsement is made, and may sue in his own name or in the name of the payee; if he brings suit in the name of the payee, on a note endorsed, before it was due, the defendant may set-off all payments made previous to the endorsement, without notice to the endorsee.

PLEA—*Non est factum*, with notice of set-off of a book account, vs. Harris, some articles of which are charged before the date of the assignment, some after.

JENNINGS, for plaintiff.—" I object to any evidence being received of this set-off. The articles offered to be set off here, are the items of work done upon an house, some before, some after, the assignment of the note; all of them applying on a contract between Harris and Hanna, if due at all; and whether due at all, or not, will depend on the construction given to that contract. The set-off in this case would lead, therefore, to the examination of other contracts than the one on which suit is brought; and it could not be the intention of the statute to permit this; beside, these are unliquidated damages. The English statute of set-off, I believe to be in similar terms to our own; and the uniform construction given to that, has excluded unliquidated damages from being set-off."

WRIGHT, for defendant.—"The 'act making certain instruments of writing negotiable,' authorizes the assignee of a note to bring suit in his own name. If Barnes had brought this suit in his own name, we could not have set-off this demand; but he has waived the privilege the law gives him, by bringing the suit in the name of the payee; he has waived his right of considering the property in the note as transferred to himself, and has left the case open to every defense which might be made against the payee. We have not the English statute of set-off here, to compare with our own; but I believe that our statute goes further than theirs; that their statute allows only mutual debts to be set-off, and ours, debts contracts or demands. If I am correct in this, the English decisions do not apply; the only question will be, is this a debt, contract, or demand."

HARRISON.
May, 1816.

Harris, for the
use of Barnes,
v.
Hanna.

PRESIDENT.—The "act allowing mutual debts and demands to be set-off; and concerning tenders," authorises the defendants in suits brought on "any, bond, bill, note, promise or account," to plead the general issue, and at the same time to give notice in writing to the plaintiff, or his attorney, of any debt, contract, or demand, against the plaintiff, which, &c.; the general issue has been plead, and notice of set-off given; the terms, debt, contract, and demand, are of known and settled signification in law. When the statute law uses legal terms, we must give to them the correct legal construction ; to do otherwise would be to repeal the statute. The matter here offered to be set off, is, in legal language, a demand. It comes, then, within the letter and obvious meaning of the law. That demands may include unliquidated damages—that a set-off of every thing included in the term, may lead to difficulties in trials, is an objection to the law itself, to be urged to the legislature, but not here, unless it can be shown that we have the power to affix a meaning to the word demand, hitherto unknown.

The English statute of set-off, refers only to mutual debts ; damages are not debts ; therefore the English courts have refused to allow them to be set-off; but unliquidated damages are demands ; the English decisions will not, therefore, apply ; they have no bearing on the question. I am clearly of opinion, that every thing which is, in law, a demand, may be the subject matter of a set-off, by our statute ; and, although this construction may occasion difficulties and embarrassments in trials, inasmuch as it may require a number of distinct issues to be submitted to a jury at once, the legislative power is alone competent to remedy the evil.

The "act making certain instruments of writing negotiable," enacts, that all bonds, &c., "shall be negotiable by endorsement thereon, so as absolutely to transfer and vest the property thereof in each and every endorsee," and "every endorsee may in his own name institute and maintain an action for the recovery of the money due thereon, against the person who signed such bond," &c. This obligation was assigned, by endorsement thereon, before it became due ; and such endorsement did, on its date, absolutely transfer and vest in Barnes, the endorsee, the property thereof. The property being thus vested in Barnes, he might sue in his own name, or he might sue in Harris's name. Suppose he sued in Harris's name, would this manner of sueing divest the property? I think not. Nothing but an endorsement to Harris, or a complete annulling of the first endorsement, (if even that would do it) would divest the property in the note.

The statute further provides, "that if any such bond, &c. shall be endorsed before the day on which the same is made payable, and the endorsee shall institute an action thereon, the defendant may give in evidence at the trial, any money actually paid on said bond, &c. before the same was indorsed or assigned to the plaintiff, on proving that the plaintiff had notice of the said payment before such endorsement was made and accepted." The case supposed by this part of the law, is one where the endorsee brings an action in his own name. If he uses the name of the payee of the note, as plaintiff in the action, as in this case. I think that, by so doing, he lets in a set-off of all payments made previous to the endorsement, without notice to himself. So much may be set-off in this case.

*TUSCARAWAS.*
*June, 1816.*

Upon hearing this opinion, the parties settled the amount of the verdict.